ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                   )
                                              )
Forney Enterprises, Inc.                      )    ASBCA No. 62005
                                              )
Under Contract No. HQ0034-14-D-0008           )

APPEARANCE FOR THE APPELLANT:        Daryle A. Jordan, Esq.
                                       Jordan Guydon LLP
                                       Fairfax, VA

APPEARANCES FOR THE GOVERNMENT:      John S. Albanese, Esq.
                                       Chief Trial Attorney
                                      Elizabeth E. Urrutia, Esq.
                                      Stephan Piel, Esq.
                                      Michael G. Anderson, Esq.
                                       Trial Attorneys
                                       DoD Washington Headquarters Services &
                                        Pentagon Force Protection Agency
                                       Washington, DC

OPINION BY ADMINISTRATIVE JUDGE YOUNG
ON THE GOVERNMENT'S MOTION TO DISMISS FOR FAILURE TO
PROSECUTE

The Department of Defense, Washington Headquarters Services (government or WHS) moves to dismiss the present appeal arguing that appellant Forney Enterprises, Inc. (appellant or FEI) willingly and contumaciously failed to prosecute this appeal.[1]  FEI opposes the motion, arguing it was unable to fully prosecute the appeal due to circumstances beyond its control.  For the reasons below, we deny the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1.  Appellant filed its notice of appeal on March 19, 2019, and timely filed its complaint on May 17, 2019.  On November 4, 2019, we issued an Order instructing the parties to elect, within 60 days, whether they desired to proceed with an oral hearing or on the record.  Upon the expiration of the 60 days, the government

---

[1] The government also moved to dismiss this appeal arguing that appellant failed to meet Board Rule 15 representation requirements.  The government withdrew that part of the motion on October 15, 2020.

responded requesting to proceed under Board Rule 11, decision on the record. The government indicated that attempts to coordinate with appellant were unsuccessful. On January 3, 2020, the government submitted its election to proceed on the record and proposed a pre-hearing schedule. Not having received a submission from appellant, the Board accepted the government's election and proposed schedule and on January 24, 2020, issued a Scheduling Order. The government filed a motion to dismiss on February 25, 2020, asserting that FEI was "not in good standing under the laws of Maryland" and thus was not able to maintain this appeal (gov't mot. dtd. February 25, 2020 at 1).

2. On February 28, 2020, Mr. Keith Forney, the owner and President of FEI requested "a 90-day extension to retain a new lawyer and get them up to speed on the case" (Bd. corr. ltr. dtd. February 28, 2020). The government opposed Mr. Forney's request on March 5, 2020, requesting the Board deny the 90-day extension and raising a Board Rule 15 issue disputing that Mr. Forney was a representative of FEI for purposes of Rule 15 (Bd. corr. ltr. dtd. March 5, 2020). On October 15, 2020, the government withdrew the part of the motion raising the Rule 15 representation issue.

3. On March 9, 2020 the Board issued an Order for appellant "to show cause on or before April 9, 2020 why this appeal should not be dismissed for failure to comply with the Board's representation requirements." Appellant failed to respond to this Order. In accordance with the Scheduling Order, the government filed its initial Rule 11 brief on April 27, 2020. On April 28, 2020, the Board issued an Order granting appellant's request for an extension giving appellant until July 28, 2020, to respond to the government's motion. Appellant failed to make a submission by the expiration of the 90-day extension period. The Scheduling Order set out appellant's due date for the Rule 11 response as June 29, 2020. Appellant did not timely file a response brief.

4. On July 17, 2020, the government filed a motion to dismiss this appeal for appellant's failure to prosecute. On August 25, 2020, the Board issued an Order (Show Cause Order) directing appellant "to show cause why this appeal should not be dismissed for failure to prosecute." Appellant was given until September 15, 2020 to respond to the Show Cause Order.

5. On September 14, 2020, appellant's new counsel filed a notice of appearance with the Board, and on September 15, 2020, appellant filed a response to the Board's Show Cause Order. [2] Appellant included several exhibits in its response including a sworn declaration of Mr. Forney (app. resp. ex. A, Forney decl.).

---

[2] Appellant also opposed the government's February 25, 2020 motion to dismiss. As noted before, the government withdrew that motion on October 15, 2020.

6.  Appellant's response to the Show Cause Order and its exhibits detailed a myriad of issues that contributed to appellant's inability to respond and delay in responding to filings by the government and Orders by this Board.  Appellant notes that prior counsel had "abandoned this case without notice and without any explanation.  [Counsel] did not return FEI's case files and [appellant was] told that he did not notify the Board of his withdrawal."  (Forney decl. at 2).  Appellant details financial challenges in engaging a new attorney to represent FEI in this appeal; the impact of COVID-19 on appellant's ability to conduct regular business and the negative economic effects of the virus; Mr. Forney's incarceration which impacted his ability to communicate including contacting family members and trying to engage new counsel; and Mr. Forney's own illness with COVID-19 (*id.* at 4-5).

7.  On October 15, 2020 the government opposed appellant's response to the Show Cause Order arguing that appellant's failure to respond to numerous Board Orders and failing to communicate were not excused by FEI's circumstances (gov't reply at 2).  Additionally, the government responds that some of FEI's excuses only explain missing initial deadlines and do not explain FEI's failure to communicate with the Board (*id.*).

8.  On May 28, 2021, appellant submitted correspondence to the Board indicating that on May 10, 2021, it had filed with the contracting officer an additional claim related to the contract giving rise to the instant appeal.  Appellant asserted that, should the contracting officer deny this new claim, it intended to appeal the denial to the Board and request consolidation with the instant appeal.

DECISION

In the motion before us, the government argues that (1) FEI has repeatedly failed to respond to notices or correspondence from the Board; (2) failed to comply with the Board's order to confer on the schedule, ignored the Board's order to show cause regarding its representation, and failed to submit a response to the government's initial brief in disregard of the Scheduling Order; and (3) failed to maintain adequate representation throughout the appeal.  WHS asserts FEI's conduct demonstrates a lack of intent to prosecute this appeal, and moves the Board to dismiss the appeal based on the appellant's failure to prosecute.  (Gov't mot. at 3)

Appellant argues that FEI "acted diligently and in good faith to comply with Board rules" and that FEl's omissions stem from an array of obstacles which combined into a '"perfect storm" and impeded FEl's effort to move this appeal forward (app. resp. at 1, 12).  These obstacles include: (1) the abandonment of FEI's counsel without notice; (2) financial difficulties that impacted Mr. Forney's ability to pay and hire new counsel; (3) the COVID-19 pandemic which caused delay in the delivery of correspondence; and (4) Mr. Forney's incarceration, which precluded for a period his

3

communication with the outside world. Appellant further argues that "[t]here is no evidence that FEI intended to abandon the appeal, or that FEI acted willfully or wantonly to evade the Board's rules or instructions." (SOF ¶ 6; app. resp. at 12)

Board Rule 17 specifies how the Board may address parties' failures to proceed. It provides as follows:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed with prejudice for failure to prosecute. . . . If good cause is not shown, the Board may take appropriate action.

It is well settled that dismissal for failure to prosecute is a harsh and drastic sanction, appropriate when the record clearly supports the existence of willing delay or contumacious or contemptuous conduct. *See Newhall Telecom, LLC*, ASBCA No. 57438, 13 BCA ¶ 35,391 at 173,644; *Ellis Constr. Co., Inc.*, ASBCA No. 50091, 98-1 BCA ¶ 29,552 at 146,501. We have held that the parties have a basic obligation to maintain contact with the Board so that the Board can ensure expeditious administration and adjudication (*Mac-In-Erny, Inc.*, ASBCA No. 28689, 88-1 BCA ¶ 20,359 at 102,950 (quoting *Pacific Steel Building Systems*, ASBCA Nos. 26346, 26851, 83-2 BCA ¶ 16,722)), and appellant's lack of communication may suffice to demonstrate an intention not to continue prosecution of an appeal (*Bellal Aziz Constr. Co.*, ASBCA Nos. 60717, 61035, 18-1 BCA ¶ 37,025 at 180,294).

However, we have declined to impose dismissal with prejudice when there was no bad faith or contumacious conduct on the part of appellant, but rather appellant's failure to respond stemmed from inability rather than willfulness, bad faith or fault. *See BMSI, Inc.*, ASBCA No. 41542, 94-3 BCA ¶ 27,034 at 134,736.

Here, FEI has shown that its failure to prosecute was not due to bad faith or contumaciousness. We find that appellant's inability to prosecute and respond to deadlines in a timely fashion was due to a myriad of factors enumerated in FEI's response to the Board's Show Cause Order. Unlike the parties in *Bellal*, appellant here has communicated since the issuance of the

Show Cause Order. Similarly, unlike the parties in *Newhall*, FEI has provided many reasons why appellant was unable to timely respond to the Board that we find believable, and provided an explanation for FEI's failure to respond in a timely fashion. Additionally, since securing new counsel, appellant has communicated with the Board indicating that it filed an additional related claim with the contracting officer in May 2021, and intends to pursue the new claim, as appropriate, with the Board (SOF ¶ 8). In light of the harsh nature of dismissal with prejudice, of appellant's believable reasons explaining its non-responsiveness, and appellant's now active prosecution of the appeal, we deny the government's motion to dismiss for failure to prosecute.

CONCLUSION

For the reasons stated above, the government's motion to dismiss is denied.

Dated: April 13, 2022

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62005, Appeal of Forney Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated:  April 14, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals